UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEDVIENO D'BARGE MAYES,<br><br>Plaintiff,<br><br>v.<br><br>MULE CREEK STATE PRISON WARDEN, et al.<br><br>Defendants. | No. 2:24-0694 WBS DB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and finds plaintiff states no cognizable claims for relief. Plaintiff will be given the opportunity to file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

### I.    Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II.    Discussion

### A.    Allegations of the Complaint

Plaintiff is an inmate at Salinas Valley State Prison. Plaintiff complains of conduct that occurred in 2023 when he was incarcerated at Mule Creek State Prison ("MCSP"). Plaintiff identifies five defendants: (1) MCSP Warden; (2) Correctional Officer ("CO") Tony Mona; (3) Lieutenant C. Elston; (4) CO A. Robinson; and (5) CO D. Brazil.

Plaintiff alleges the following. In June 2023, plaintiff talked with his family about learning he had been framed for murder in 2011 with the help of his parole officer, an employee of the California Department of Corrections and Rehabilitation ("CDCR"). Thereafter, plaintiff was harassed by MCSP staff.

In August 2023, defendant Mona falsified a rules violation report ("RVR"), alleging plaintiff had contraband. Plaintiff requested a copy of the video of the incident, but before he got it and before the hearing on his RVR, Mona wrote another false RVR claiming that plaintiff threatened them. Defendant Elston covered up Mona's conduct by placing plaintiff in Administrative Segregation ("Ad Seg") in September 2023. Elston did so to steal some of plaintiff's legal

3

paperwork. Defendant Robinson showed plaintiff the video but the first five minutes had been removed. Plaintiff states that his RVR for possession of contraband was overturned.

In October 2023, plaintiff was found guilty on the second RVR for threatening Mona. Defendant Brazil claimed to be the investigating officer for the RVR but it turned out to be defendant Anderson. Elston rewrote the false RVR to favor Mona. Brazil helped write it. When they placed plaintiff in Ad Seg, Elston told plaintiff they would always support officers because inmates are "scum of the earth."

In his final claim, plaintiff alleges defendant warden, who is not identified by name, failed to protect plaintiff from the staff actions described above.

For relief, plaintiff seeks punitive damages.

**B.   Does Plaintiff State Claims Cognizable under § 1983?**

**1.   Retaliation**

Plaintiff identifies the legal basis for his first claim as discrimination. However, plaintiff fails to explain on what basis he was being discriminated against. An equal protection claim may be established by showing that defendants intentionally discriminated against plaintiff based on his membership in a protected class, Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02 (2008). Plaintiff's allegations state neither basis for a claim of discrimination. Rather, it appears that plaintiff is attempting to state a claim for retaliation.

To state a claim for retaliation under the First Amendment, a prisoner must state facts showing the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff alleges he was discussing his criminal case with his family, then he was falsely written up by defendant Mona. Plaintiff's allegations

////

4

fail to show he was exercising protected conduct or that Mona, or any of the other defendants, took action against him based on an exercise of protected conduct.

### 2. Falsifying RVR

Plaintiff's first claim can also be construed as a claim that his rights were violated by the false RVRs. In addition, plaintiff makes those allegations against Elston and Brazil in his second claim. However, plaintiff is advised that the falsification of a disciplinary report does not state a stand-alone constitutional claim. See Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017). Similarly, plaintiff's allegation that Robinson altered the video of the contraband incident fails to state a claim.

### 3. Deprivation of Legal Property

Plaintiff also alleges in his first claim that Elston sent him to Ad Seg in order to deprive him of his legal property. Generally, claims regarding the deprivation of property are state law claims that are not cognizable in § 1983 because plaintiff has an adequate post-deprivation remedy under state law. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). However, a claim of deprivation of legal property may state amount to a First Amendment claim of denial of access to the courts.

To state a claim for denial of the First Amendment right of access to the courts, a prisoner must allege that he suffered an "actual injury" as a result of the defendant's alleged actions, by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 351-55 (1996). The right of access to the courts applies to nonfrivolous direct criminal appeals, habeas corpus proceedings, and civil rights actions. Id. at 353 n.3, 354-55. Plaintiff states that the property showed his "innocence of life sentence." That statement is insufficient to state a First Amendment claim. Plaintiff must show how the deprivation of that property in fact affected his ability to defend himself in a criminal proceeding or in a civil rights action. Further, plaintiff must allege facts showing a connection between Elston's conduct and the loss of his legal property. Plaintiff fails to state a claim regarding the deprivation of his legal property.

////

### 4. Supervisor Liability

In his final claim, plaintiff simply alleges the warden is responsible for the actions of his staff. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff does not describe any specific actions by the warden that violated his constitutional rights. He fails to state a claim against the warden.

## CONCLUSION

Above, this court finds plaintiff fails to state any claims for relief cognizable under §1983. Plaintiff will be given the opportunity to amend the complaint.

In an amended complaint, plaintiff must address the problems with the complaint that are explained above. Plaintiff is advised that in an amended complaint each defendant and the action that defendant took that violated plaintiff's constitutional rights must be clearly identified. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, it must be included in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of the claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is

legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. Cnty of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies that they have made reasonable inquiry and have evidentiary support for the allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4.  Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5.  The Clerk of the Court shall provide plaintiff with a copy of the form for civil rights complaints by a prisoner.

DATED: July 25, 2024

/s/  DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/maye0694.scrn LTA